No. 26,493.

W. R. WATSON, *Appellee*, v. THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellant*.

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Action for Compensation.* In an action for salary the record is examined and found to contain no material error.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed March 6, 1926. Affirmed.

*T. A. Noftzger, George W. Cox, W. J. Masemore* and *R. L. NeSmith,* all of Wichita, for the appellant.

*Benjamin F. Hegler* and *A. V. Roberts,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for salary. The board of directors of the Kansas Wheat Growers Association, a coöperative marketing association, organized under the statute (R. S. 17-1601 *et seq.*) for the purpose of marketing wheat grown by its members, employed W. R. Watson as sales manager, to sell the wheat of the association. The employment was for a term of one year, beginning June 15, 1922, at a salary of $4,000 per year (with an increase upon conditions not now important) to be paid in monthly installments. After working at this position eight months Watson was discharged, and he brought this action for his salary for the remainder of the term, alleging he was unable to find other employment. It was tried to a jury, which answered special questions and returned a general verdict for plaintiff. The defendant has appealed.

Defendant contends it was justified in discharging plaintiff for the reason that he was not competent, and that he did not sell the wheat in the manner consistent with the purposes of the association and in accordance with directions by the board of directors. It is not necessary to detail the evidence upon these questions; it was conflicting, and is settled by the verdict and judgment.

Appellant complains that the court permitted to be read the testimony of a witness given at a former hearing. The witness formerly

lived in Sedgwick county, but at the time of the trial resided in Kiowa county. There was no error in this ruling.

Complaint is made of one of the instructions, but upon examination we find no error in it.

Appellant contends that a new trial should have been granted because of misconduct of the jury. At the trial defendant introduced in evidence what is called a pro book, which is a record of sales of wheat, by cars, during the year of Watson's employment. The purpose was to show that most of the sales made by Watson were to grain dealers and only a small per cent of the sales were made direct to mills or for export. After the jury had retired, anticipating that the jury might call for the exhibits, defendant objected to the pro book being sent to the jury. While deliberating upon the case the jury did ask for the exhibits, and the court sent to the jury room the pro book which had been offered in evidence. Appellant now contends that the book contained records of sales after Watson was discharged; that the jury examined the entire book, thereby considering matters not in evidence. The difficulty with predicating error upon this matter is this: Upon the hearing of this question upon the motion for a new trial the court specifically found "no book went to the jury unless the whole book was admitted in evidence." We must take that finding as conclusive upon the question, from which it necessarily follows that the contention, that the jury considered records and papers not in evidence, cannot be sustained.

Finding no error in the record, the judgment of the court below is affirmed.